**BONNETT FAIRBOURN FRIEDMAN & BALINT, PC**
Patricia N. Syverson (State Bar No. 203111)
psyverson@bffb.com
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 798-4593

Elaine A. Ryan
Gamble(*To be admitted pro hac vice*)
eryan@bffb.com
Carrie A. Laliberte
(*To be admitted pro hac vice*)
claliberte@bffb.com
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100

*Counsel for Plaintiff Liza Lichtinger
and the Proposed Class*

**KING & SPALDING LLP**
GEORGE R. MORRIS (State Bar No. 249930)
gmorris@kslaw.com
50 California, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318 1243
Facsimile: (415) 318-1300

*Attorneys for Defendant The Procter &
Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LIZA LICHTINGER,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>            Defendant. | Case No .  21-cv-02680-MMC<br><br>**STIPULATION AND [PROPOSED]<br>ORDER TO TRANSFER VENUE TO<br>THE SOUTHERN DISTRICT OF NEW<br>YORK**<br><br>**Hon. Maxine M. Chesney** |

The parties, by and through their respective counsel, stipulate and agree as follows:

WHEREAS, there are multiple pending class action cases alleging misrepresentation in connection with the sale of Defendant The Procter & Gamble Company's ("P&G") Gum & Enamel Repair toothpaste (the "Products"): the above captioned matter pending before this Court ("*Lichtinger*"); *Nieves v. The Procter & Gamble Co.*, No. 7:21-cv-00186 ("*Nieves*"), pending in the Southern District of New York before Judge Cathy Seibel; and *Keirsted v. The Procter & Gamble Co.*, No. 6:21-cv-0778 ("*Keirsted*"), pending in the Middle District of Florida before Judge Roy B. Dalton (collectively, "Related Cases");[1]

WHEREAS, all of the cases involve the same class allegations that P&G's gum repair representation is false, misleading, and reasonably likely to deceive the public;

WHEREAS, all parties to the different cases have conferred and agree that the transfer and consolidation of *Lichtinger* and *Keirsted* to the Southern District of New York into the *Nieves* action is in the interest of all parties and will advance judicial economy and the efficient use of resources by all parties because: (i) the transfer and consolidation of the claims from *Lichtinger* to *Nieves* eliminates a situation in which there are three overlapping cases pending in three different federal courts, all alleging misrepresentation regarding the sale of the Products and all are brought as class actions; (ii) the transfer and consolidation of the claims from *Lichtinger* will end the current situation in which P&G is subject to discovery in three cases that is often overlapping and/or covers the same facts; and (iii) the transfer and consolidation of the claims from *Lichtinger* will eliminate the possibility of inconsistent rulings and verdicts, in that all claims involving alleged misrepresentation of the Products will be litigated together, and Plaintiffs will submit one motion for class certification on behalf of consumers in one court, rather than three overlapping class certification motions at three separate times in three separate courts.

---

[1] There are additional putative class action cases that involve the same allegations regarding sale of P&G's Gum & Enamel Repair toothpaste, including: *Drake v. The Procter & Gamble Co.*, No. 3:21-cv-00279-DWD (S.D. Ill.) and *Helterbrand v. The Procter & Gamble Co.*, No. 21SL-CC01372 (Circuit Court for the County of St. Louis, Missouri, 21st Judicial District). Plaintiffs in these two cases are represented by the same counsel.

STIPULATION AND [PROPOSED] ORDER TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK          CASE NO. 21-cv-02680-MMC

1    WHEREAS, the parties agree and respectfully submit that it is lawful, appropriate, and

2    efficient for the claims made by Plaintiff Liza Lichtinger to be transferred from the United States

3    District Court for the Northern District of California to the Southern District of New York and

4    consolidated with the *Nieves* case, because: (i) no questions of jurisdiction are implicated by this

5    transfer; (ii) P&G waives any venue arguments it might otherwise have to the Southern District of

6    New York's taking venue under such doctrines as the pendent venue doctrine; (iii) the transfer and

7    consolidation creates no prejudice to P&G (which is subject to jurisdiction in both the Southern

8    District of New York and the Northern District of California), or the private plaintiffs, or the

9    classes they seek to represent; (iv) P&G has not yet answered or otherwise responded to the

10   Complaint nor has P&G or Plaintiff taken any other action in the *Lichtinger* action; and (v) the

11   parties stipulate that conditions for consolidation, in these circumstances, are satisfied;

12   WHEREAS, because the subject matter of this action is the same as the first-filed *Nieves*

13   action and plaintiffs in the Related Cases already have a plan in place to litigate their claims

14   together as part of *Nieves*, principles of sound judicial administration counsel that this action be

15   transferred to the Southern District of New York under the first-to-file rule. *See SB Hosp. Palm*

16   *Springs, LLC v. Baymont Franchise Sys.*, No. EDCV 19-381 JGB (KKx), 2019 U.S. Dist. LEXIS

17   171241, at *7 (C.D. Cal. May 8, 2019) ("When two actions involving similar parties and issues

18   are commenced in separate forums, a court should typically give preference to the first-filed

19   plaintiff's choice of forum under the first-to-file rule."); *Fuentes v. Maxim Healthcare Servs.*, No.

20   3:17-cv-2178-CAB-(NLS), 2017 U.S. Dist. LEXIS 203517 (S.D. Cal. Dec. 8, 2017) (transferring

21   case where plaintiffs in two related cases wanted to be consolidated in district of first-filed

22   litigation).

23   IN FURTHER SUPPORT OF TRANSFER, the Ninth Circuit has recognized, the first-to-

24   file rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over

25   an action when a complaint involving the same parties and issues has already been filed in another

26   district." *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The doctrine

27

28

3

of comity seeks to promote judicial efficiency by avoiding unnecessary burden on the federal judiciary and duplicative and conflicting judgments. *See Church of Scientology of Cal. v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (partially overruled on unrelated grounds); *Animal Legal Def. Fund v. United States FDA*, 836 F.3d 987, 990 (9th Cir. 2016).

In applying the "first-to-file" rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Red v. Unilever U.S., Inc.*, No. 09-07855 MMM (AGRx), 2010 U.S. Dist. LEXIS 151389 at *84 (C.D. Cal. Jan. 25, 2010). These three factors are satisfied here.

First, the *Nieves* action was filed on January 9, 2021, three months prior to the filing of the *Lichtinger* action.

Second, both the *Nieves* and the *Lichtinger* actions involve one sole defendant, P&G.

Third, both of these actions are seeking damages and equitable relief individually and on behalf of proposed class members, purchasers of the Products. The claims in both cases arise from P&G's allegedly false, misleading, and deceptive marketing and selling of the Products as able to repair gums. The complaints in both actions point to the use of the Product name "Gum & Enamel Repair" as the basis of their misrepresentation. The claims in both the *Nieves* and the *Lichtinger* actions are therefore similar enough to meet the threshold to apply the "first-to-file" rule.

Transfer of this action to the Southern District of New York is also appropriate under 28 U.S.C. § 1404(a). Section 1404(1) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

NOW, THEREFORE, THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1.     The parties stipulate and jointly move this Court to transfer the individual and class claims in *Lichtinger* made by Plaintiff Liza Lichtinger, pursuant to California's Unfair Competition Law and Consumer Legal Remedies Act, to the United States District Court for the Southern District of New York and stipulate that those claims in *Nieves* should be designated as related cases and that Lichtinger's claims should be consolidated with the *Nieves* action. The relevant limitations period for Plaintiff Lichtinger's claims will be governed by applicable law in the jurisdiction where originally filed.

2.     The parties represent that they are submitting a courtesy copy of this Stipulation and Proposed Order to Judge Seibel.

Dated:  June 28, 2021                           Respectfully submitted,


KING & SPALDING LLP

By: */s/  George R. Morris*
      George R. Morris
      KING & SPALDING LLP
      gmorris@kslaw.com
      50 California Street, Suite 3300
      San Francisco, CA 94111
      Telephone: (415) 318 1243

      Attorneys for Defendant The Procter &
      Gamble Company

By: */s/  Patricia N. Syverson*
      Patricia N. Syverson
      BONNETT FAIRBOURN FRIEDMAN
      & BALINT, PC
      psyberson@bffb.com
      600 West Broadway, Suite 900
      San Diego, CA 92101
      Telephone: (619) 798-4593

      Elaine A. Ryan
      eryan@bffb.com
      Carrie A. Laliberte
      claliberte@bffb.com
      2325 E. Camelback Rd., Suite 300
      Phoenix, AZ 85016

Telephone: (602) 274-1100

Counsel for Plaintiff Liza Lichtinger
and the Proposed Class

**ECF ATTESTATION**

Pursuant to Local Civil Rule 5-1(i)(3), I, George R. Morris, attest that I obtained the concurrence of Patricia N. Syverson in the filing of this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 28, 2021                    /s/  George R. Morris
                                        GEORGE R. MORRIS, Bar No. 249930

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: ___June 28_____, 2021

UNITED STATES DISTRICT JUDGE

6